

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00203-CR

---

JOHN LYN BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 8085, Honorable Dale Rabe, Jr., Presiding

---

February 23, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California.*[1]  In October 2024 pursuant to a plea agreement, Appellant, John Lyn Brown, was placed on deferred adjudication community supervision for evading arrest with a motor vehicle with an affirmative finding on use of a deadly

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

weapon, enhanced by two prior felonies.[2]  Several months later, the State moved to adjudicate guilt alleging Appellant had failed to report to his community supervision officer and failed to make certain payments.  Appellant pleaded true to the allegations.  After hearing testimony, the trial court adjudicated him guilty of the original charge, confirmed the deadly weapon finding, and pronounced a sentence of confinement for thirty years and a fine of $500.

In support of her motion to withdraw, counsel certifies she has conducted a professional evaluation of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[3]  By letter, this Court granted Appellant an opportunity to exercise his right to file a response

---

[2] TEX. PENAL CODE §§ 38.04(a); 12.42(d).

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *Id.* at 408 n.22, 411.  The duty to send the client a copy of this Court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a response.

By this *Anders* appeal, counsel reviews the trial court's exercise of discretion in finding Appellant violated the conditions of community supervision and also examines the propriety of his sentence. She acknowledges Appellant's pleas of true alone support the trial court's ruling and concludes the sentence imposed is not grossly disproportionate to the original offense which was double-enhanced. She candidly concedes there are no non-frivolous issues to present on appeal.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The trial court's *Judgment Adjudicating Guilt* is affirmed and counsel's motion to withdraw is granted.


Alex Yarbrough<br>Justice

Do not publish.